******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RAYMOND'S AUTO REPAIR, LLC *v.* COMMISSIONER
OF MOTOR VEHICLES
(SC 19454)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.

*Argued January 20—officially released July 12, 2016*

*Drew S. Graham*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney general, for the appellant (defendant).

*Kenneth A. Votre*, with whom was *Richard E. Fennelly III*, for the appellee (plaintiff).

*Opinion*

ZARELLA, J. This is the second of two administrative appeals in which the principal issue is whether state laws regulating the fees charged for certain services provided in the course of the nonconsensual towing of a motor vehicle are preempted by federal law. The defendant, the Commissioner of Motor Vehicles (commissioner), appeals from the judgment of the trial court reversing the decision of the Department of Motor Vehicles (department) that the plaintiff, Raymond's Auto Repair, LLC, had charged a fee in excess of that allowed by state law for its use of an 1140 rotator truck in recovering a damaged vehicle prior to the actual towing of that vehicle and, therefore, must pay restitution in the amount of $600 to the complainant, Pauline Pressley. On appeal to this court, the commissioner claims that the trial court incorrectly determined that the fee charged by the plaintiff for its use of the rotator truck to recover the damaged vehicle is not subject to state regulation under 49 U.S.C. § 14501 (c) (2) (C) (2012),[1] the fees charged generally for recovery operations are not subject to state regulation under the same statutory provision and the plaintiff need not pay restitution in the amount of $600 to Pressley. The plaintiff responds that, when a towing is nonconsensual, federal law authorizes the state to regulate only the fees charged for the towing itself and not for any related services. The plaintiff also argues that, if this court concludes that the fees charged for pretowing recovery services are not subject to state regulation, it cannot review whether the trial court properly reinstated the charges for the plaintiff's use of the rotator truck. We agree with the commissioner and reverse the judgment of the trial court.

The following relevant findings of fact and conclusions of law are set forth in the decision of the department's hearing officer. On December 8, 2012, Pressley's granddaughter lost control of her vehicle, which careened off the road and went down an embankment. After the first towing company called to the scene determined that it could not perform the tow, the state police contacted the plaintiff to perform a nonconsensual tow in accordance with General Statutes § 14-66 (a) (2).[2] The plaintiff undertook and accomplished the tow, which included recovery services consisting of hoisting the vehicle up the twenty-five to fifty foot embankment and placing it in a position in which it could be loaded onto a flatbed truck for transport from the accident scene.

Thereafter, the plaintiff provided Pressley's granddaughter with an invoice for the services performed on December 8, 2012. The total cost of the services was $1306.24, including $1000 for the plaintiff's use of the 1140 rotator truck for approximately one hour. Pressley paid the plaintiff the amount indicated in the invoice, even though the plaintiff had posted a rate of $400 per hour for the use of an 1140 rotator truck in recovering

a vehicle the size and weight of the vehicle driven by Pressley's granddaughter. The department likewise determined that its regulations relating to nonconsensual tows allowed a charge of only $400 for the use of special equipment like the rotator truck and sought a refund for Pressley regarding this and other expenses.

The hearing officer concluded that "[t]he [plaintiff] did not charge [Pressley] in accordance with its posted rates. More specifically, the [plaintiff] should have charged [Pressley] $400 for one . . . [hour's] use of the [1140 rotator truck], rather than $1000 as invoiced. As such, [Pressley] was overcharged a total of $600 for use of the [rotator truck] in this instance." The hearing officer thus ordered the plaintiff to reimburse Pressley in the amount $600 with respect to this service.

The plaintiff appealed to the trial court, which sustained the appeal. The court stated: "In the related case of [*Modzelewski's Towing & Recovery, Inc.* v. *Dept. of Motor Vehicles*], Superior Court, judicial district of New Britain, Docket No. CV-13-6021098-S [July 29, 2014], the court recently held that Congress, in 49 U.S.C. [§] 14501 (c) (2) (C), did not exempt the state from preemption of its authority under 49 U.S.C. [§] 14501 (c) (1) to regulate the recovery aspects of a nonconsensual tow-[ing] such as this one. The court adheres to that ruling here. Accordingly, the court sustains the appeal and vacates the hearing officer's reimbursement order."

The commissioner appealed from the trial court's judgment,[3] claiming that state regulation of the pretowing recovery services at issue is not subject to federal preemption. Oral argument was heard on January 20, 2016, in conjunction with *Modzelewski's Towing & Recovery, Inc.* v. *Commissioner of Motor Vehicles* (SC 19453), in which the commissioner raised a similar claim regarding pretowing recovery services. On January 26, 2016, we ordered the parties to address the following question in supplemental briefs: "Does 49 U.S.C. § 14501 (c) (1), which prohibits state[s] and political subdivisions thereof from enacting or enforcing any law related to a price, route, or service of any motor carrier *with respect to the transportation of property*, apply to 'pretowing services' (as defined in the trial court's [memorandum of decision]) or 'posttowing services'?" (Emphasis in original.)

Our resolution of the commissioner's claim is controlled by our decision in *Modzelewski's Towing & Recovery, Inc.* v. *Commissioner of Motor Vehicles*, 322 Conn. 20,     A.3d     (2016), in which we concluded that state regulation of pretowing recovery services, such as the plaintiff's use of the 1140 rotator truck in the present case, is not preempted by 49 U.S.C. § 14501 (c) (1) because such services fall within the exception to federal preemption set forth in 49 U.S.C. § 14501 (c) (2) (C). See id., 36–37.

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's appeal.

In this opinion the other justices concurred.

[1] Hereinafter, all references to 49 U.S.C. § 14501 are to the 2012 edition of the United States Code.

[2] General Statutes § 14-66 (a) provides in relevant part: "(2) The commissioner shall establish and publish a schedule of uniform rates and charges for the nonconsensual towing and transporting of motor vehicles and for the storage of motor vehicles which shall be just and reasonable. . . ."

The commissioner has adopted a comprehensive regulatory scheme under the authority of § 14-66, entitled "Standards for Rates for Nonconsensual Towing or Transporting," which is codified at §§ 14-63-34 through 14-63-37b of the Regulations of Connecticut State Agencies.

[3] The commissioner appealed from the trial court's judgment to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.